UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| GARY L. THARES,<br><br>              Plaintiff,<br><br>vs.<br><br>SO. DAK. DEPARTMENT OF CORRECTIONS, IN ITS OFFICIAL CAPACITY; TIM REISCH, INTERIM SECRETARY OF CORRECTIONS, IN HIS OFFICIAL CAPACITY; CATHERINE SCHLIMGEN, ATTORNEY, SD DEPT. OF CORRECTIONS, IN HER INDIVIDUAL CAPACITY; MEDICAL STAFF, MIKE DURFEE STATE PRISON, IN OFFICIAL CAPACITY; AND B. MUDDER,<br><br>              Defendants. | 4:21-CV-04107-RAL<br><br><br>1915A SCREENING DISMISSING IN PART, DIRECTING SERVICE IN PART, AND DENYING MISCELLANEOUS MOTIONS |

Plaintiff Gary L. Thares filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). Doc. 1. This Court granted Thares leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee. Doc. 5. Thares timely paid his fee on July 9, 2021. Thares has also filed a motion for discovery, Doc. 6, and two motions to appoint counsel, Docs. 8 and 9. This Court now screens Thares's complaint under 28 U.S.C. § 1915A.

## I.      1915A Screening

### A.      Factual Allegations of Thares's Complaint

Thares is an inmate at the Mike Durfee State Prison. Doc. 1. He suffers from several health issues, including diabetes, chronic obstructive pulmonary disease (COPD) for which he is on oxygen, and hip issues resulting in hip surgery. Id. at 4, 6. He is or has been on several

1

medications for hip pain, COPD, high blood pressure, diabetes, diabetic neuropathy, and other mental and physical health issues. Doc. 7 at 19. Thares filed a 99-page supplement providing requests for administrative remedy, informal resolution requests, and other attempts to file grievances within the prison system that detail his complaints. Docs. 7 and 7-1.

In Count I, Thares alleges a violation of his rights under the ADA. Doc. 1 at 4. Thares uses a wheelchair and claims to have been receiving social security disability benefits for five or six years because he has been unable to work. Doc. 6 at 1. He claims that he is required to work in order to receive Earned Discharge Credits but that he is physically incapable of working. Id. He alleges that a doctor at the prison told him that unless he was a paraplegic, he was capable of working. Id.; Doc. 1 at 4.

In Count II, Thares alleges violations of his right to access the courts. Doc. 1 at 5. Thares believes that prison staff have lied to keep him away from two court hearings in 2020. Id. He claims that prison staff falsely told the court that he could not attend hearings because he was being punished. Id. He includes an August 19, 2020, document from his attorney indicating that he had a hearing on October 21, 2020, and a November 13, 2020, document from the Fifth Judicial Circuit Court indicating that this hearing would be on December 9, 2020. Doc. 7 at 30, 49.

In Count III, Thares makes many claims concerning deficient medical care. Doc. 1 at 6. He claims the nursing staff won't let him see a doctor despite several attempts to do so. Doc. 7 at 14, 35. He also claims that he received inadequate medical care for a finger injury and was told to return to his unit for being in medical without permission despite previously being told to go there by a guard. Id. at 36–38. He claims that he has had lab tests done indicating needed follow-ups that never occurred, including findings that his thyroid issues and diabetes were

uncontrolled. Doc. 7-1 at 10, 34. He alleges that a nurse lied by understating his blood pressure readings and that his blood pressure is always high but no longer gets checked as of June 4, 2021. Id. at 22, 38. He also alleges that ice, heat, and elevation were recommended to treat his injuries, but that he is not provided ice or heat or allowed to elevate his injuries. Id. at 41. He claims that he has been in severe pain since his hip replacement that hasn't healed correctly. Doc. 1 at 6.

Thares claims that he has difficulties accessing needed medications and medical care. Doc. 7 at 2. Specifically, he claims that he was tapered off of Gabapentin, which he had been on for eight years, because he was accused of misusing the medication. Id. at 13, 16. He also had difficulties with his CPAP machine. Id. at 5; Doc. 7-1 at 29. He returned his broken machine around June 13, 2021, and he did not trust Nurse Rachel to fix and return it. Doc. 7 at 5. He also alleges that a similar incident happened around January 15, 2021. Further, he claims he was given an order to use a TENS unit on his left hip, but that the unit was broken. Doc. 7-1 at 27.

Thares also alleges that the conditions of his confinement worsened his health in violation of the ADA. Doc. 1 at 4. He claims that in order to have enough time to eat meals, he and other wheelchair-using inmates need to line up for meals outside the cafeteria ahead of time, but that prison staff no longer allow him and the other inmates to do so. Doc. 7 at 21. He also claims that a mold problem in the prison bathrooms causes him breathing difficulties and that prison staff refuse him proper access to the disabled shower. Id. at 7; Doc. 1 at 4. He alleges that he has to stand outside for 45 minutes at 3:00 p.m. in extreme heat to get medications and that the heat inside the prison makes breathing difficult because there is no air conditioning. Doc. 7-1 at 11, 30. Thares claims that officers broke his glasses and that he was not offered a replacement

for free. Id. at 6. He also alleges that he struggles to hear the loudspeaker in the prison, but because there is no ADA director there, he cannot receive headphones. Id. at 25.

Thares brings claims against the South Dakota Department of Corrections, Interim Secretary of Corrections Tim Reisch in his official capacity,[1] and Department of Corrections attorney Catherine Schlimgen in her individual capacity for their failure to provide him with Earned Discharge Credits. Doc. 1 at 2. He also brings claims against unnamed medical staff and B. Mudder at the Mike Durfee State Prison, in their official capacities, for refusing him proper medical care. Id. at 1–2. Thares does not specify against whom he brings his claim for refusing him access to the courts. See id. at 2, 5. Thares alleges that he has suffered physical and mental pain as a result of these incidents and that he has been made to look bad in front of the court. Id. at 4–7. Thares seeks Earned Discharge Credits and proper medical care. Id. at 7. He seeks four million dollars or whatever the jury finds appropriate as well as attorney's fees and court costs. Id.

### B.    Legal Standard

A court when screening under § 1915A "must assume as true all facts well pleaded in the complaint." Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780

---

[1] Thares originally named South Dakota Secretary of Corrections Mike Leidholt as a defendant in his official capacity, not Tim Reisch. Doc. 1 at 1. Mike Leidholt is no longer the South Dakota Secretary of Corrections. Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). The current Interim Secretary of Corrections is Tim Reisch, who is automatically substituted for Mike Leidholt.

F.2d 1334, 1337 (8th Cir. 1985); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504

(8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d

151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a complaint does not contain these

bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir.

1985). Twombly requires that a complaint's factual allegations are "enough to raise a right to

relief above the speculative level on the assumption that all the allegations in the complaint are

true[.]" Twombly, 550 U.S. at 555 (citation omitted); see also Abdullah v. Minnesota, 261 F.

App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential

allegations respecting all material elements necessary to sustain recovery under some viable legal

theory"). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them

if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted;

or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. §

1915A(b).

### C.   Thares's Causes of Action

#### 1.   Claim Against the South Dakota Department of Corrections for Earned Discharge Credits

Thares brings a claim against the South Dakota Department of Corrections seeking to be

allowed Earned Discharge Credits despite his inability to work. Doc. 1 at 2, 4. The Eleventh

Amendment bars suit against a state entity, as opposed to a state official, regardless of whether

money damages or injunctive relief is sought. Cory v. White, 457 U.S. 85, 90–91 (1982). In

determining whether an entity is entitled to Eleventh Amendment immunity, the court examines

whether its powers were created by state law, the degree of its autonomy and control, and whether the funds to pay awards from judgments against it come from the state treasury. Greenwood v. Ross, 778 F.2d 448, 453 (8th Cir. 1985). The Department of Corrections was created by the state legislature and is a state entity. See SDCL § 1-15-1.2. The Department of Corrections is an arm of the state of South Dakota, and, as such, is not subject to suit under § 1983. Thares's claim against the South Dakota Department of Corrections for Earned Discharge Credits is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 2.      Claim Against Defendant Reisch for Earned Discharge Credits

Thares brings a claim seeking Earned Discharge Credits against Defendant Reisch in his official capacity. Doc. 1 at 2, 4. Thares alleges that Mike Durfee State Prison's policy regarding Earned Discharge Credits for inmates with disabilities violates his rights under the ADA. Id. at 4. Defendant Reisch's predecessor, Mike Leidholt, was an employee of the state of South Dakota at the time of the incidents in question. Id. at 2. As the Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Id. at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. Id. But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity

does not apply. See Pearson v. Callahan, 555 U.S. 223, 242–43 (2009). Here, Thares seeks both money damages and injunctive relief against Defendant Reisch. The State of South Dakota has not waived its sovereign immunity to allow Thares's official capacity claims. Defendant Reisch is protected against official capacity claims for money damages, though not from claims for injunctive relief.

> To establish a prima facie case under Title II of the ADA, Thares must show that:
>
> 1) he is a qualified individual with a disability; 2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the entity; and 3) that such exclusion, denial of benefits, or other discrimination, was by reason of his disability.

Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1998). Thares has established a prima facie case. He alleges that he is an individual with a disability, that he is excluded from the Earned Discharge Credits program, and that this exclusion is because of his disability. Presently, this Court cannot conclude that the claim against Defendant Reisch in his official capacity for injunctive relief is wholly without merit. Thus, Thares has stated a claim sufficient to survive § 1915A screening for failure to provide Earned Discharge Credits against Defendant Reisch in his official capacity.

### 3.      Claim Against Defendant Schlimgen for Earned Discharge Credits

Thares brings a claim seeking Earned Discharge Credits against Defendant Schlimgen in her individual capacity. Doc. 1 at 2. Thares alleges that Defendant Schlimgen denied him Earned Discharge Credits and relied on hearsay evidence in doing so. Id. Other than this statement, Thares makes no assertions as to Defendant Schlimgen's role in his denial of Earned Discharge Credits. See id. An individual capacity claim requires the plaintiff "to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Under Twombly, a complaint requires "more than labels and

conclusions" and must allege facts that "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 550 U.S. at 555 (citation omitted). Thares does not allege facts sufficient to meet this burden for this claim. Thus, Thares's claim against Defendant Schlimgen in her individual capacity for failure to award Earned Discharge Credits is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 4. Claims Against Unnamed Medical Staff and B. Mudder for Inadequate Medical Care

Thares brings claims against several unnamed prison medical staff members and B. Mudder in their official capacities for failure to provide adequate medical care. Doc. 1 at 1, 6. Construed liberally, this is a claim of deliberate indifference to serious medical needs in violation of Thares's Eighth Amendment rights. A "prisoner's Eighth Amendment rights are violated if prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.' " Olson v. Bloomberg, 339 F.3d 730, 735 (8th Cir. 2003) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. More specifically, a prisoner must allege "(1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (alteration in original) (quoting Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)).

"A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.' " Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (quoting Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)). Thares alleges that he has several

8

serious medical conditions, including diabetes, COPD, and a hip replacement. Doc. 1 at 6. Thus, Thares has alleged facts to support that he has serious medical needs.

Next, Thares must demonstrate Defendants were deliberately indifferent to that need. To demonstrate deliberate indifference, "[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Jolly, 205 F.3d at 1096 (quoting Estate of Rosenberg, 56 F.3d at 37). "Deliberate indifference may be manifested by prison doctors in responding to the prisoner's needs or by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002) (citing Estelle, 429 U.S. at 104–05).

Thares does allege sufficient facts to state a claim for deliberate indifference. He alleges that medical staff refused to attend to him despite his need and desire to see a doctor. Doc. 7 at 14, 35–38. Several of his allegations—that necessary lab-work follow-ups never occurred, that a nurse lied about his blood pressure and that his blood pressure is no longer checked, that he is not provided ice or heat or allowed to elevate injuries as prescribed, that he has been taken off Gabapentin because he was falsely accused of misusing it, that he could not go to medical to treat his injured finger, and that extreme heat outside the prison while he waits for medication exacerbates his breathing issues—state potential claims for deliberate indifference to serious medical needs. Further, his claims that his CPAP machine and TENS unit were not working and were not repaired may support deliberate indifference claims. Although some of these claims may merely be disagreement with treatment decisions, this Court cannot conclude that his claims are wholly without merit. Thus, Thares has stated a claim sufficient to survive § 1915A

screening for deliberate indifference to serious medical needs against the unnamed medical staff and B. Mudder.

### 5.    Other Conditions of Confinement Claims

Thares makes several other allegations as to conditions of confinement that allegedly violate his rights under the ADA and the Eighth Amendment. Doc. 1 at 4. He claims that the lack of air conditioning inside the prison and the mold in prison bathrooms makes his breathing more difficult, that prison staff fail to provide him and other wheelchair-using inmates adequate access to the cafeteria, that he is not provided adequate access to the disabled shower, and that he cannot hear the prison loudspeaker and needs headphones which the prison does not provide. These appear to be complaints against the prison staff generally, rather than against unnamed medical staff and B. Mudder. Thares does not name a defendant for these claims. Construing his complaint broadly, this Court interprets these allegations as being brought against Defendant Reisch in his official capacity. As above, a suit against Defendant Reisch in his official capacity is a suit against the state of South Dakota, and as such, money damages are not available to Thares for this claim, although injunctive relief remains possible.

Thares has stated a claim regarding his conditions of confinement. He alleges that he is an individual with a disability, that he is being denied access to facilities such as the cafeteria and bathroom, and that this denial of access is because of his disability. At this time, the Court cannot conclude that the complaint against Defendant Reisch in his official capacity for injunctive relief is wholly without merit. Thus, Thares has stated a claim sufficient to survive § 1915A screening for conditions of confinement in violation of the ADA and the Eighth Amendment against Defendant Reisch in his official capacity.

### 6.  Access to the Courts Claim

Thares brings a claim for denial of access to the courts. Doc. 1 at 5. Thares does not specify against whom he brings this claim. See id. at 2. Construing his complaint broadly, this Court interprets this allegation as being brought against Defendant Reisch in his official capacity. Again, money damages are not available for this claim. Thares does not allege any future court dates that he is concerned he will miss, and he makes no requests for injunctive relief pertaining to access to the courts. Thus, Thares's claim for denial of access to the courts is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## II. Motion for Discovery

Thares asks this Court to obtain several personnel and grievance files from the Mike Durfee State Prison, other documents related to prison policies and operations, evidence of his disability, and evidence from his past mental health specialists. Doc. 6. Under Federal Rule of Civil Procedure 26(d)(1), a party may not seek discovery prior to a Rule 26(f) conference "except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). One such exception is "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision[.]" Fed. R. Civ. P. 26(a)(1)(B)(iv).

However, discovery is improper before a complaint is initially served. See Fed. R. Civ. P. 5(d)(1)(A) ("Any paper *after the complaint* that is required to be served must be filed no later than a reasonable time after service." (emphasis added)); cf. Webb v. Johnson, 2021 WL 2002712, at *10 n.7 (D. Neb. May 19, 2021) ("[In a pro se civil case,] the court will issue a progression order, addressing discovery and other issues, approximately thirty days after the last defendant has answered." (quotation omitted)); Mays v. Sherburne Cnty. Jail, 2020 U.S. Dist. LEXIS 82530, at *5–6 (D. Minn. May 11, 2020) ("[Defendants] would not be required to

respond to any discovery request [plaintiff] served on them until after service of the Summons and Complaint has occurred."). Thus, Thares's request for discovery is premature, and his motion is denied.

### III.   Motions for Counsel

Thares has filed two motions for appointment of counsel. Docs. 8 and 9. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. Id. At this time, Thares's claims do not appear to be complex, and he is able to investigate the facts and present his claims adequately. This Court believes that Thares is capable of pursuing his claims pro se at this phase of litigation, and his motions for appointment of counsel are denied at this time.

### IV.   Order

Accordingly, it is

ORDERED that Thares's claim for failure to award Earned Discharge Credits against the South Dakota Department of Corrections is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Thares's claim for injunctive relief for failure to award Earned Discharge Credits against Interim Secretary of Corrections Tim Reisch in his official capacity survives § 1915A screening. Thares's claim for money damages against Tim Reisch in his official capacity is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Thares's claim for failure to award Earned Discharge Credits against Catherine Schlimgen in her individual capacity is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Thares's claims for injunctive relief for deliberate indifference to serious medical needs against unnamed medical staff and B. Mudder in their official capacities survive § 1915A screening. Thares's claims for money damages against defendants in their official capacities are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Thares's claim for injunctive relief for conditions of confinement in violation of the Eighth Amendment and Title II of the ADA against Interim Secretary of Corrections Tim Reisch in his official capacity survives § 1915A screening. Thares's claim for money damages against Tim Reisch in his official capacity is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Thares's claim for denial of access to the courts against Interim Secretary of Corrections Tim Reisch in his official capacity is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that the Clerk shall send blank summons forms and U.S. Marshals Service Form (Form USM-285) to Thares so that he may cause the complaint to be served upon Defendants Reisch, unnamed medical staff, and B. Mudder. It is further

ORDERED that Thares shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed. It is further

13

ORDERED that the United States Marshals Service shall serve the completed summonses, together with a copy of the complaint, Doc. 1, and this order upon the defendants. It is further

ORDERED that the defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3). It is further

ORDERED that Thares will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Civil Local Rules while this case is pending.

ORDERED that Thares's motion for discovery, Doc. 6, is denied. It is finally

ORDERED that Thares's two motions to appoint counsel, Docs. 8 and 9, are denied.

DATED September 28th, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE