UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GARY L. THARES,<br><br>               Plaintiff,<br><br>    vs.<br><br>KELLY WASKO, SECRETARY OF CORRECTIONS IN HER OFFICIAL CAPACITY; DR. MEL WALLINGA, BRENDA MUDDER,<br><br>               Defendants. | 4:21-CV-04107-RAL<br><br><br>ORDER RESOLVING MULTIPLE PENDING MOTIONS |

Gary Thares filed a prisoner pro se civil rights complaint under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). Doc. 1; Doc. 11 at 1. On September 28, 2021, this Court issued an 1915A screening order dismissing Thares's claims in part, directing service in part, and allowing Thares's claims for injunctive relief for alleged violations of his Eighth Amendment rights, for injunctive relief for an alleged failure to award Earned Discharge Credits, and for challenges to conditions of his confinement to survive screening. Doc. 11 at 12–13. Thares then filed several motions for the Court to order medical procedures, Doc. 15, doctor's visits, Doc. 23, and for an investigator, Doc. 24, which this Court denied as premature as his claim remains in litigation and for failing to meet the standard for immediate injunctive relief. Doc. 27. Thares also filed motions for an investigator, Doc. 28, for an investigation, Doc. 26, and for other miscellaneous relief, Doc. 29; Doc. 30, which this Court also denied, Doc 31, because the motions for the investigator largely repackaged his argument for counsel, which this Court had already

1

ruled on.  Doc. 11 at 12; Doc. 27 at 3; Doc. 31 at 3.  This Court also found that the request for miscellaneous relief was moot, as Thares's request for this Court to acknowledge certain documents concerned documents that already appeared in the record.  Doc. 31 at 3.

After those rulings, Thares has filed many more motions.  These include motions for mental health evaluations by a psychiatrist, Doc. 32; Doc. 50; Doc. 88; Doc. 89; investigations and inspections, Doc. 42 (withholding medications); Doc. 55 (same); Doc. 43 (medication line); Doc. 44 (mailing system); Doc. 53 (same); Doc. 45 (enforcement of medical orders); Doc. 55 (abuse); Doc. 89 (general prison oversight and Earned Discharge Credit Program); for this Court to issue a do not resuscitate order (DNR), Doc. 33; Doc. 46; Doc. 54; for a decision regarding Earned Discharge Credits (EDCs), Doc. 34; Doc. 39; Doc. 46; for an answer from this Court, Doc. 39; for this Court to punish the various instances of alleged abuse done in retaliation for filing this suit, Doc. 33 (withholding medication); Doc. 34 (withholding legal mail); Doc. 61 (same); Doc. 36 (abuse); Doc. 37 (same); Doc. 89 (requesting money damages and injunctive relief "on a variety of topics" and withholding of all federal funding); for new shoes, Doc. 35; Doc. 49; for an attorney, Doc. 41; for a hearing, Doc. 39 (motion for decision); Doc. 57 (motion for court date); Doc. 60 (request for hearing); Doc. 61 (same); Doc. 62 (same); Doc. 63 (motion for court date); Doc. 64 (same); Doc. 65 (same); Doc. 67 (request for hearing); Doc. 92 (motion for jury trial); Doc. 93 (motion for an injunction ordering jury trial);[1] for production of documents, Doc. 47 (Thares's medical records); Doc. 48 (disciplinary records, grievance reports, and grounds for punishment after certain events); Doc. 49 (dates of medical restrictions); Doc. 51 (professional licenses and oath of prison health care workers), for a § 1983 packet, Doc. 60; objecting to a motion to seal,

---

[1] Thares titles this motion "Motion Court to file injunction time for jury trial so I can be Released go to doc. hire lawyer." Doc. 93. However, nowhere in the motion does Thares actually request injunctive or equitable relief. Id. Thus, this will simply be treated as a motion for a jury trial rather than for an injunction.

Doc. 91; and for the purposes of alerting this Court to alleged instances of discrimination, Doc. 33 (unavailability of classes for disabled persons); Doc. 35 (age and disability discrimination); Doc. 36 (same); Doc. 37 (same); Doc. 38 (same); to alleged instances of poor medical care and treatment, Doc. 35; Doc. 36; Doc. 37; Doc. 38; Doc. 61; and to the impending mootness of his claim, Doc. 36; Doc. 37; Doc. 38. Defendants also filed a motion requesting a motions deadline, Doc. 40, to which Thares has not responded nor objected.

Thares has requested that this Court issue judgment on his behalf. Doc. 68. Thares also has filed two motions for summary judgment,[2] one on November 4, 2022, Doc. 69, to which Defendants have not responded despite the deadline for filing a response being November 25, 2022,[3] and one on November 28, 2022, Doc. 84. Defendants have filed their own motion for summary judgment, Doc. 21, to which Thares has until January 31, 2023, to reply under the most recent order of this Court, Doc. 90. Because briefing is not complete on the summary judgment motions, this order will only cover the motions mentioned in the paragraph above, those being documents 32 through 58, 60 through 68, 88, 89, 91, 92 and 93.

## I.    Motions to Order an Investigation or Inspection and Attorney

This Court has already denied Thares's motions to appoint counsel and motion to appoint an investigator. Doc. 11 at 12; Doc. 27 at 3; Doc. 31 at 2–3. Thares has continued to file these motions, as described briefly above. These additional motions largely reiterate his previous

---

[2] While Thares has filed these motions, it should be noted that while they are titled as "motions for summary judgment" they are not made in compliance with the federal or local rules, which require an undisputed statement of material fact to accompany such motions. D.S.D. Civ. LR 56.1.

[3] It appears that the Defendants have made several errors in this case. First, they failed to respond to Thares's first motion for summary judgment in violation of Local Civil Rule of Practice 7.1, and second, they referenced the incorrect inmate in their documents in support of their motion for summary judgment. Doc. 72 at 4 ("McPeek has failed to provide sufficient facts"); Doc. 74 ¶ 18 ("Of the Informal Resolution Requests and Requests for Administrative Remedies submitted by Travis McPeek").

requests for assistance with his case, making copies, inadequate medical care, Doc. 42; Doc. 45; Doc. 55, but add requests for investigations of general abuse, Doc. 55, of the mailing system within the prison, Doc. 44; Doc. 53, and the EDC program, Doc. 89.

Thares's motions for investigations appear to repackage his previously denied motions for counsel and an investigator in the hope that these new motions will receive a more favorable disposition. However, as this Court has stated in its previous orders, Doc. 11 at 12; Doc. 27 at 3; Doc. 31 at 3, the allegations Thares has raised are not complex, and Thares's motions demonstrate that he can investigate and present these allegations himself. Further, despite Thares's complaint that he has had difficulty obtaining paperwork for this lawsuit, Thares has provided administrative records relevant to his claim. Doc. 29-1 at 9–15. Thares's motions to order an investigation, Doc. 42 (withholding medications); Doc. 55 (same); Doc. 43 (medication line); Doc. 44 (mailing system); Doc. 53 (same); Doc. 45 (enforcement of medical orders); Doc. 55 (abuse); Doc. 89 (EDC Program), are denied. Similarly, for the same reasons discussed in this Court's screening order, the motion for an attorney, Doc. 41, is denied.

## II.    Motions for Relief Relating to Medical Care or Treatment

It is premature to grant Thares's requests for medical relief because this Court has not yet ruled on the merits of his § 1983 claim for Eighth Amendment violations; the briefing on motions for summary judgment is ongonig. Although Thares expresses concern about his health, he has not shown that he needs immediate care that Health Services at the Department of Corrections has failed to provide. The limited record in this case does not presently justify this Court interjecting itself into Thares's medical care by granting his motions for a mental health evaluation by a psychiatrist or requiring the issuance of new shoes due to his poorly regulated diabetes. Indeed, the documents provided by Thares show that at times he is choosing not to take his prescribed

medications. <u>See</u> Doc. 46 ("I Quite [sic] my medication As the Med nurse (As seen in grievance) can short me, give me someone elses And they D.O.C. don't even investigate."). As such, Thares's motions for mental health evaluations by a psychiatrist, Doc. 32; Doc. 50; Doc. 88; Doc. 89, and for new shoes, Doc. 35; Doc. 49, are denied.

Thares has filed motions to have this Court issue a DNR order. Doc. 33; Doc. 46; Doc. 54. Thares has failed to show any DOC policy or authority that requires him to get a federal court order to obtain DNR status. Most DNR cases concerning inmates center on the failure of penological policies to alert medical personnel to a DNR directive. <u>See</u> <u>Self v. Milyard</u>, No. 11-cv-00813-RBJ-CBS, 2012 WL 3704958, at *6–8 (D. Colo. July 31, 2012) (finding a constitutionally mandated right to have a reasonable and effective method to ensure that an inmate's DNR order would be followed); <u>Schreiber v. Ludwick</u>, No. 4:17-cv-00043-RP-CFB, 2017 WL 11560208, at *1 (S.D. Iowa May 1, 2017) (allowing a claim to go forward based on the reasoning of the District of Colorado's decision in <u>Self v. Milyard</u>). <u>But see</u> <u>Snow v. Kentucky State Reformatory</u>, No. 3:17-CV-P521-CRS, 2019 WL 6499459, at *4 (W.D. Ky. Dec. 3, 2019) (declining to follow the District of Colorado's decision in <u>Self</u>). The Supreme Court of the United States has stated that "a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment[.]" <u>Cruzan v. Dir., Mo. Dep't of Health</u>, 497 U.S. 261, 278 (1990).

Reviewing the document Thares provided in addition to his filings, it appears he has submitted a Durable Power of Attorney for Health Care. Doc. 54-1. This document, by its own terms, "DOES NOT SERVE AS A DO-NOT-RESUSCITATE ORDER." <u>Id.</u> at 3. It appears that Thares has just not filled out the correct form to get a DNR order in place and needs to follow the directions provided in South Dakota Administrative Rules 44:05:06:01–:11. Even if an issue on a

5

DNR order were within the claims this Court screened to allow, for the claim to be ripe Thares would need to complete the proper form with the DOC and have some reasonable basis to believe that the DNR order would be ignored. Thus, his motions to have this Court issue a DNR, Doc. 33; Doc. 46; Doc. 54, are denied.

### III.   Motions for Production of Documents

Thares also requests copies of his medical records, Doc. 47, the dates of his medical restrictions, Doc. 49, and his grievance reports, Doc. 48. However, examining the documents attached to Defendants' motion for summary judgment, it appears that almost all those requested records are attached as exhibits. Based on the existence of these documents in the record, Thares's motions for the production of these documents, Doc. 47, Doc. 49, are denied as moot, as is the motion for grievance reports due to what now is of record, Doc. 48.

Thares also requested his disciplinary records and grounds for such punishment, Doc. 48, and the licenses and oath of certain healthcare workers in the prison, Doc. 51, which were not provided by Defendants. Under Federal Rule of Civil Procedure 26(d)(l), a party may not seek discovery prior to a Rule 26(f) conference "except in a proceeding exempted from initial disclosure under Rule 26(a)(l)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(l). One such exception is "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision[.]" Fed. R. Civ. P. 26(a)(l)(B)(iv).

Rule 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The scope of discovery under Rule 26(b) is broad. Stock v. BNSF Ry. Co., No. 4:14-CV-04074-RAL, 2015 U.S. Dist. Lexis 124063, at *4 (D.S.D. Sept. 17, 2015). The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential

to proper litigation." 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007 (3d ed. 2017) (quoting Hickman v. Taylor, 329 U.S. 495, 507–08 (1947)). However, limiting discovery to claims and defenses means that "[a] plaintiff may not use a lawsuit as a tool for 'a fishing expedition' to seek grounds for another lawsuit." Gates v. Black Hills Health Care Sys., No. CIV 11-3013-RAL, 2013 WL 1683654, at *1 (D.S.D. Apr. 17, 2013) (quoting E.E.O.C. v. CRST Van Expedited, Inc., 679 F.3d 657, 675 (8th Cir. 2012)); see also Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992) (noting that the liberal scope of Rule 26 does not allow parties to engage in "fishing expeditions" and mandating "[s]ome threshold showing of relevance" for discovery requests). Proportionality is gauged by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.; see United States v. One Assortment of 93 NFA Regul. Weapons, 897 F.3d 961, 966 (8th Cir. 2018).

Thares's surviving claims regard the failure to award EDCs, deliberate indifference to his medical needs, and conditions of confinement in violation of his Eighth Amendment rights and Title II of the ADA. Doc. 11 at 12–13. In the surviving parts of his motions to compel, Thares requests his disciplinary records and grounds for such punishment, Doc. 48, and the licenses and oath of healthcare workers in the prison, Doc. 51. None of Thares's surviving claims regard the improper discipline of him as an inmate; that was not the substance of the conditions-of-confinement claim that survived initial screening. Instead, it seems that any disclosure of these records, instead of helping Thares pursue his current claims, would instead be used to gather information for a separate lawsuit entirely. As such, Thares's remaining request for his disciplinary records and the reasons for such punishment, Doc. 48, is denied.

7

On the other hand, Thares's informal request for the medical licenses and oath taken by Dr. Mel Wallinga and Brenda Mudder, who are named defendants and the health care workers treating him at the prison, has some relation to his claim of deliberate indifference to his serious medical needs. Dr. Wallinga and Nurse Mudder themselves are in the best position to provide their licensing information and, what, if any, oath they took to become a health care provider.[4] This request is sufficiently relevant and proportional in that the disclosure can be a simple written response through defense counsel to Thares what medical licenses Dr. Wallinga and Nurse Mudder hold and what, if any, oath they took to become a health care provider. Thus Thares's Motion for the Production of the Medical Licenses and Oath of the medically trained defendants, Doc. 51, is granted to the limited extent explained in this paragraph.

## IV. Motions Requesting Action from the Court or Punishment be Issued

Thares has made several motions requesting a decision regarding EDCs, Doc. 34; Doc. 39; Doc. 46; requesting an answer from the Court, Doc. 39, objecting to the sealing of documents, Doc. 91, and for this Court to punish the various instances of alleged abuse done according to Thares in retaliation for filing this suit, Doc. 33 (withholding medication); Doc. 34 (withholding legal mail); Doc. 61 (same); Doc. 36 (abuse); Doc. 37 (same). Briefing on the motions for summary judgment filed by both Thares and Defendants has not yet been completed. Any decision on the merits would be premature. Therefore, Thares's Motions for a Decision, Doc. 34; Doc. 39; Doc. 46, are denied. Until a decision on the merits is made, it is also premature to consider what remedy, if any, should be fashioned. Therefore, Thares's Motions for Punishment, Doc. 33; Doc. 34; Doc. 36; Doc. 37; Doc. 61, are denied. It appears that Thares misunderstood the previous order of this Court sealing documents attached to Defendants's Memorandum in Support of Summary

---

[4] This information, however, is of dubious relevance to Thares's claim.

8

Judgment. Doc. 72; Doc. 83. Thares states that he believes the sealing of documents 72 through 81 is wrong, however that is not what this Court's order did. Doc. 83. Instead, it sealed documents attached to document 72, including such personal information as Thares's medical records. Doc. 83. The purpose of sealing such information is not to protect it from Thares or from use in the this lawsuit, but to protect Thares from identity theft or the possibility of unnecessary invasion of his privacy through allowing public access to his medical records. Thus, any objection to the sealing of those documents, Doc. 91, is overruled. Finally, Thares's Motion for an Answer from this Court, Doc. 39, is granted to the extent that the Court is issuing this order on those pending motions ripe for decision.

### V.    Motions for a Hearing and Motions Deadline

This Court does not need to conduct a hearing to rule on the ripe pending motions. Once briefing on the motions for summary judgment is complete, this Court will consider whether a hearing would assist in ruling on those motions. As such, Thares's Motions for a Hearing, Doc. 39; Doc. 57; Doc. 60; Doc. 61; Doc. 62; Doc. 63; Doc. 64; Doc. 65; Doc. 67; Doc. 92; Doc. 93, are denied.

Defendants also filed a motion requesting a motions deadline, Doc. 40, to which Thares has not responded nor objected. However, Thares's requests for a decision and hearing indicate he is eager to move his case forward. Therefore, Defendants' Motion for Deadline, Doc. 40, is granted, and the deadline for all dispositive motions in this case will be January 31, 2023.

### VI.    Conclusion

For the reasons discussed, it is hereby

ORDERED that Thares's Motions for an Inspection, Doc. 43; Doc. 53, are denied. It is further

ORDERED that Thares's Motions for an Investigation, Doc. 42; Doc. 44; Doc. 45; Doc. 55; Doc. 89, are denied. It is further

ORDERED that Thares's Motions for New Shoes, Doc. 35; Doc. 49, are denied. It is further

ORDERED that Thares's Motions for Mental Health Evaluations by a Psychiatrist, Doc. 32; Doc. 50; Doc. 88, are denied. It is further

ORDERED that Thares's Motions for the Issuance of a DNR, Doc. 33; Doc. 46; Doc. 54, are denied. It is further

ORDERED that Thares's Motions for the Production of Documents, Doc. 47; Doc. 48; Doc. 49, are denied, but his Motion for Production, Doc. 51, is granted to the extent that Defendants are ordered to provide information on Dr. Wallinga and Nurse Mudder's medical licenses and what oaths, if any, they took to become health care providers within 21 days of this order, which may be provided by way of a letter from defense counsel to Thares. It is further

ORDERED that Thares's Motions Requesting a Decision, Doc. 34; Doc. 39; Doc. 46, are denied. It is further

ORDERED that Thares's Motion for Answer from the Court, Doc. 39, is granted to the extent this Court now is ruling on the pending motions that have been fully briefed. It is further

ORDERED that Thares's Motions Requesting Punishment, Doc. 33; Doc. 34; Doc. 61; Doc. 36; Doc. 37, are denied. It is further

ORDERED that Thares's Objection to Sealing Documents, Doc. 91, is overruled. It is further

ORDERED that Thares's Motion for an Attorney, Doc. 41, is denied. It is further

ORDERED that Thares's Motions a Hearing or Court Date, Doc. 39; Doc. 57; Doc. 60; Doc. 61; Doc. 62; Doc. 63; Doc. 64; Doc. 65; Doc. 67; Doc. 92; Doc. 93, are denied at this time. This Court will notify the parties if a motions hearing or trial is appropriate to schedule. It is further

ORDERED that Thares's Motion for § 1983 packet, Doc. 60, is granted and the Clerk of Court is directed to mail a § 1983 packet to Thares. It is finally

ORDERED that Defendants' Motion for a Motions Deadline, Doc. 40, is granted. As such, all dispositive motions shall be filed on or before January 31, 2023.

DATED this  4th  day of January, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE